# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### 2015 MSPB 10

Docket No. DC-0752-13-1077-I-1

## William Ralph Pumphrey,[1]

### Appellant,

### v.

### Department of Defense,

### Agency.

January 30, 2015

William Ralph Pumphrey, Silver Spring, Maryland, pro se.

Steven J. Weiss, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his 3-day furlough.  For the following reasons, we GRANT the petition for review and AFFIRM the initial decision.  We SUPPLEMENT the analysis in the initial decision to address the appellant's due process argument and to deny

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation, *Pentagon Force Protection Agency v. Department of Defense*, MSPB Docket No. DC-0752-14-0222-I-1.

his request for a protective order.  The agency's action furloughing the appellant is AFFIRMED.

## BACKGROUND

¶2      The agency furloughed the appellant for 3 days from his Police Officer position with the Pentagon Force Protection Agency due to budgetary cuts related to sequestration, i.e., across-the-board reductions to budgetary resources in fiscal year 2013.  Initial Appeal File (IAF), Tab 8.  After consolidating this case with other appeals and holding a hearing at which the appellant participated, the administrative judge affirmed the furlough actions.  MSPB Docket No. DC-0752-13-1077-I-1, Consolidated Appeal File, Tab 20, Initial Decision (ID).  The administrative judge found that the agency established that a lack of funds was a legitimate reason to invoke the furlough and that the furlough promoted the efficiency of the service.  ID at 4-5, 7.  The administrative judge found that the appellant failed to establish harmful error regarding the agency's failure to grant his requests for 4 hours of official time and a 14-day extension of time to respond to the notice of proposed furlough.  ID at 5-6.  She further found that the agency's responses to the appellant's requests were not independently appealable actions and did not constitute harassment or retaliation in connection with his furlough appeal from which he needed protection from the Board.  ID at 6.

¶3      The appellant has filed a petition for review, which the agency opposes. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

The appellant did not establish that the agency committed a constitutional due process violation or a harmful error under 5 U.S.C. § 7701(c)(2)(A) by failing to extend the time period during which he could reply to the notice of proposed furlough or by failing to grant him official time to reply to that notice.

¶4      The appellant argues that the agency denied him due process by failing to grant his requests for use of official time and for an extension of time to reply to the notice of proposed furlough.  PFR File, Tab 1 at 1-2.  He claims that, had he

been afforded this time, he might have been able to incorporate into his reply, among other things, information from an inspector general's report that is obtainable by internet search. *Id.* at 2.

¶5     The administrative judge considered these arguments as allegations of harmful error under 5 U.S.C. § 7701(c)(2)(A).  ID at 5-6.  In his petition for review, the appellant specifically claims that the agency denied him due process, PFR File, Tab 1 at 1, and his allegations before the administrative judge similarly referenced and implicated due process concerns, *e.g.*, IAF, Tab 21.  Although the harmful error and due process issues are intertwined in this case, separate considerations are involved.  *See Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶ 13 (2004), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006).  Therefore, we supplement the analysis in the initial decision as follows.

¶6     An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).  For purposes of this decision, we assume that the appellant has a property interest at stake based on 5 U.S.C. §§ 7512(5) and 7513(a), which generally create a legitimate claim of entitlement to retention in a pay status that conditions the furlough of an employee for 30 days or less on such cause as will promote the efficiency of the service.  *See Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶¶ 13-14 (2014).  In this context, minimum due process of law requires prior notice and a meaningful opportunity to respond.  *See id.*, ¶¶ 14, 18.

¶7     The appellant admits that he received the agency's written notice of proposed furlough on May 28, 2013, as indicated by his signature and acknowledgment on the proposal notice.  PFR File, Tab 1 at 1; *see* IAF, Tab 8 at 8.  The proposal notice set forth the agency's reasons for the furlough and stated

that supporting materials could be reviewed on an agency website or in designated Furlough Reading Room locations. IAF, Tab 8 at 6-7. The proposal notice informed the appellant that he could respond orally and/or in writing within 14 calendar days from his receipt of the notice. *Id.* at 7. The appellant asserts that the agency issued its final decision on July 2, 2013. PFR File, Tab 1 at 1. Thus, he received a pre-decisional opportunity to respond to the proposed furlough, and he remained entitled to a full post-furlough hearing before the Board.[2]

¶8    In *Loudermill*, the Supreme Court clarified that if a tenured public employee is entitled to a full post-decisional hearing, such as a hearing before the Board, a pre-decisional trial-type hearing is not required and fundamental due process requirements are satisfied if the employee has a pre-decisional opportunity to present, either in person or in writing, reasons why the proposed action should not be taken. *Ray*, 97 M.S.P.R. 101, ¶ 22 (citing *Loudermill*, 470 U.S. at 546). Such opportunity "need not definitively resolve the propriety of the [action]," but rather "should be an initial check against mistaken decisions--essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Loudermill*, 470 U.S. at 545-46. Although the appellant would have preferred additional time and/or official time, apparently to gather evidence, before responding to the agency, PFR File, Tab 1 at 1-2, the 14-day reply period allowed him a meaningful opportunity and reasonable time to respond consistent

---

[2] The appellant's petition for review appears to dispute that he was given pre-decisional access to materials relied upon in the notice of proposed furlough. PFR File, Tab 1 at 3. He provides no further detail regarding this claim, which he appears to have failed to timely raise with the administrative judge. In any event, the notice of proposed furlough informed the appellant of how to view supporting materials at either an agency website or a designated Furlough Reading Room. IAF, Tab 8 at 7. His vague statement on review, which is unsupported by any factual allegations, does not support a finding of a due process violation or harmful error.

with *Loudermill* and was constitutionally sufficient, *see Ray*, 97 M.S.P.R. 101, ¶ 22; *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 685-86 (1991). Under the circumstances of this case, we find that the appellant did not establish that the agency violated his due process rights.

¶9 Although the agency's conduct did not constitute a constitutional violation, we must still decide whether the agency committed a harmful procedural error. *See, e.g.*, *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281-83 (Fed. Cir. 2011). Under 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." The record does not support a finding that the agency committed a procedural error in not granting the appellant's requests for official time and an extension of time to reply to the proposal notice.

¶10 Further, even assuming that the agency should have granted these requests, the appellant has failed to demonstrate any prejudice to his substantive rights. The Board may not assume that an employee has been harmed by a procedural error in the adverse action process; rather, the appellant bears the burden of proving harm. *Ward*, 634 F.3d at 1281-82; *Handy v. U.S. Postal Service*, 754 F.2d 335, 337-38 (Fed. Cir. 1985); *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 31 (2012). A procedural error is harmful where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Doe*, 118 M.S.P.R. 434, ¶ 31; 5 C.F.R. § 1201.56(c)(3).

¶11 The appellant claims that he might have presented evidence of an inspector general's report or that the agency continues to grant a "free hour to certain employees before every holiday." PFR File, Tab 1 at 2. Even assuming that the appellant's failure to incorporate these matters into his reply is due to the

agency's denial of his requests,[3] he has not shown that this report or his allegations likely would have caused the agency to reach a different conclusion. He further speculates that he might have been able to raise "numerous" other unidentified issues had the agency granted his requests. *Id.* He has not explained why he would have been able to raise additional issues had the agency granted his requests for additional time in 2013 when he has not identified any such issue even at this later date. The appellant's speculation is insufficient to meet his burden of establishing harm. *See Stephen*, 47 M.S.P.R. at 682-83 (noting that an appellant must provide proof of actual harm resulting from any agency procedural error, which requires more than the possibility that the same evidence presented to the Board might have been viewed differently by the agency); *Mack v. Department of the Navy*, 28 M.S.P.R. 288, 290-91 (1985) (finding that the appellant failed to show any harmful error in the agency's failure to rule on his request for an extension of time to prepare a response to a proposed adverse action); *Robinson v. Department of Transportation*, 16 M.S.P.R. 264, 266 (1983) (finding that the appellants failed to establish that alleged procedural errors, including the denial of official time to review the agency records, were harmful), *aff'd*, 769 F.2d 1556 (Fed. Cir. 1985); *Padilla v. Veterans Administration*, 6 M.S.P.R. 494, 496-97 (1981) (finding that the appellant failed to demonstrate that the denial of official time for a union representative to prepare the appellant's case caused substantial harm or prejudice to his rights).

The appellant has not established a basis for a protective order under 5 U.S.C. § 1204(e)(1)(B).

¶12    The appellant claims that the agency retaliated against him for exercising his right to contest the furlough. PFR File, Tab 1 at 3. Specifically, he claims

---

[3] By the appellant's own admission, the inspector general's report "is a matter of record and obtainable by internet search." PFR File, Tab 1 at 2.

that the agency refused to allow him to pick the days of the week to serve his furlough days in retaliation for his challenging the furlough decision. *Id.*; IAF, Tab 16 at 2-3.

¶13 The agency's decision regarding the scheduling of the particular furlough days for the appellant is not an independently appealable action under chapter 75 of Title 5 of the U.S. Code, and generally is not a matter within the scope of the Board's review of a furlough action under chapter 75. *See Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 20 (2013) (upholding the administrative judge's determination that the appellant was not entitled to discovery of information relating to whether some employees were allowed greater flexibility than others in scheduling their furlough days; such information pertains to management decisions regarding scheduling of the furlough, which are matters outside the Board's jurisdiction).

¶14 Nevertheless, the Board and its administrative judges are authorized to issue any order that may be necessary to protect a witness or other individual from harassment in connection with a pending Board matter. 5 U.S.C. § 1204(e)(1)(B); 5 C.F.R. § 1201.41(b)(14). A request for such a protective order will not be granted unless the moving party makes a concise statement of the reasons, together with any relevant documentary evidence. 5 C.F.R. § 1201.55(d). The Board will not grant such an order based on mere speculation. *Leaton v. Department of the Interior*, 65 M.S.P.R. 331, 341 (1994), *aff'd*, 64 F.3d 678 (Fed. Cir. 1995) (Table). Neither the appellant's petition for review, nor submissions before the administrative judge, contain sufficient information from which the Board could conclude that he has been, or may be, subjected to the sort of harassment from which 5 U.S.C. § 1204(e)(1)(B)(i) was meant to afford protection. Thus, we decline to issue any order under that authority regarding the appellant's unsupported claim of retaliation in connection with the scheduling of his furlough days. *See Leaton*, 65 M.S.P.R. at 341; *Heining v. General Services Administration*, 61 M.S.P.R. 539, 556-57 (1994).

<u>The administrative judge properly denied the appellant's motion to compel discovery and consolidated this appeal for adjudication with other related appeals.</u>

¶15    The administrative judge denied the appellant's motion to compel discovery because both the request for production of documents and the motion to compel were untimely filed. Consolidated Appeal File, Tab 16 at 5. The appellant does not dispute that his request and motion were untimely, but rather argues that the administrative judge should have excused his untimeliness because she allowed the agency to engage in untimely discovery. PFR File, Tab 1 at 2. The record reflects that the agency filed a timely motion to compel discovery after the appellant refused to respond to its timely discovery requests. IAF, Tab 12. We agree with the administrative judge's explained conclusion that the fact that the agency's discovery requests were misaddressed to "William Ralph <u>H</u>umphrey" rather than "<u>P</u>umphrey" did not excuse the appellant from his obligation to respond to the discovery requests, which he admits he otherwise timely received. IAF, Tab 14; *see* Consolidated Appeal File, Tab 17. In contrast, the appellant's discovery request and motion to compel were both untimely, IAF, Tabs 17-18, and he has not presented any persuasive basis for excusing his failure to comply with the Board's regulations regarding timely discovery, *see* Consolidated Appeal File, Tab 1 at 4-5 (the administrative judge's furlough procedures order explaining the Board's discovery process, applicable time limits, and regulations at 5 C.F.R. §§ 1201.71-.85). The administrative judge did not abuse her discretion in handling these discovery matters. *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452-53 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

¶16    Finally, the appellant objects to the administrative judge's decision to consolidate his appeal for adjudication with other appeals, which the appellant believes were "based on entirely different circumstances." PFR File, Tab 1 at 1. We discern no error by the administrative judge in utilizing this process, which is

authorized under the Board's regulations, *see* 5 C.F.R. § 1201.36, and the appellant has not shown that this process affected the outcome of his case, *see* 5 C.F.R. § 1201.115(c). Although he disagrees with the administrative judge's conclusions, his particular arguments have been fully considered and adjudicated.

ORDER

¶17 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website,

www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.