**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 14**

Docket No. NY-0752-13-0302-I-1

**John Lauri Salo,**[*]

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

February 13, 2015

John Lauri Salo, East Northport, New York, pro se.

Michael R. Montefinise, Esquire, Garden City, New York, for the agency.

John K. Moroney, Esquire, Boston, Massachusetts, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant petitions for review of an initial decision that affirmed the agency's furlough action.  For the following reasons, we DENY the appellant's petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order, still AFFIRMING the agency's furlough action.  We

---

[*] Pursuant to 5 C.F.R. § 1201.36(a), this case was part of a consolidation, *In re DCMA Eastern Region Hearings v. Department of Defense*, MSPB Docket No. NY-0752-14-0063-I-1.

MODIFY the initial decision to clarify the administrative judge's finding that this case is governed by the provisions of 5 U.S.C. chapter 75 and 5 C.F.R. Part 752, agreeing with his determination that 5 C.F.R. Part 351 does not apply in this case.

## BACKGROUND

¶2    The agency's Defense Contract Management Agency (DCMA) furloughed the appellant from his GS-12 Industrial Engineer position for 6 discontinuous days. *Salo v. Department of Defense*, MSPB Docket No. NY-0752-13-0302-I-1, Initial Appeal File (IAF), Tab 1 at 7, 9-11, Tab 10 at 4, 11-14. The agency's proposal notice had informed the appellant that the action was "necessitated by the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to federal budgetary resources. IAF, Tab 10 at 22; *see* 2 U.S.C. § 900(c)(2) (as used in 2 U.S.C. chapter 20, subchapter I, the terms "sequester" and "sequestration" "refer to or mean the cancellation of budgetary resources provided by discretionary appropriations or direct spending law").

¶3    On appeal to the Board, the appellant asserted that the furlough action did not promote the efficiency of the service, the agency continued to hire new employees during the furlough, and the agency could have cut other spending such as training and travel. IAF, Tab 1 at 5. The appellant also contended that, among other things, the agency did not respond to matters he raised in his oral and written replies, and the agency should have applied reduction in force (RIF) regulations, rather than adverse action procedures, because it discontinuously furloughed him for more than 30 days. IAF, Tab 22 at 5-8; *see* IAF, Tabs 28, 35.

¶4    After a hearing, the administrative judge affirmed the furlough action. IAF, Tab 37, Initial Decision (ID) at 2, 19. The administrative judge found that the 6-day furlough constituted an adverse action, not a RIF; the agency proved the factual basis for the furlough; the furlough promoted the efficiency of the

service; and the agency treated employees in a uniform and consistent manner. ID at 3-10. The administrative judge also held that the appellant did not prove harmful error or a denial of due process. ID at 10-19.

## ANALYSIS

¶5    The appellant asserts on review that the agency should have applied the RIF regulations at 5 C.F.R. Part 351 when it furloughed him because the agency furloughed him for more than 30 calendar days or more than 22 discontinuous workdays. Petition for Review (PFR) File, Tab 1 at 2-3. In support of this contention, the appellant relies upon question-and-answer guidance, dated June 10, 2013, from the Office of Personnel Management (OPM), which he claims indicates that a discontinuous furlough of 22 workdays or less would be covered by adverse action procedures, while a discontinuous furlough of more than 22 workdays would be covered by the RIF procedures. *Id*. at 3. The appellant also reasserts his harmful error claim, alleging that the proposal notice did not identify all of the employees who were exempt from the furlough and did not clearly identify the material the agency relied upon in support of the furlough. *Id*. at 4-5. The appellant further contends that the furlough was not uniform and consistent because the agency did not furlough employees outside his competitive area, the agency should have permitted employees to be furloughed for continuous days so they could collect unemployment, and the decision notice did not specifically address issues raised in his oral and written replies to the proposal notice. *Id*. at 5-6. Finally, he asserts that the agency denied most of his discovery requests, which would have shown that the furlough was not cost-effective. *Id*. at 7-8.

¶6    "'[F]urlough' means the placing of an employee in a temporary status without duties and pay because of a lack of work or funds or other nondisciplinary reasons." 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402. A furlough of 30 days or less is appealable to the Board under 5 U.S.C. chapter 75. 5 U.S.C.

§§ 7512(5), 7513(d), 7701(a); 5 C.F.R. §§ 752.401(a)(5), 752.405(a). A furlough of more than 30 days is appealable to the Board as a RIF action. 5 C.F.R. § 351.901. Agencies must conduct furloughs of more than 30 days according to the RIF procedures of 5 C.F.R. Part 351, and the Board will review such actions to determine whether the agency properly invoked and applied the RIF regulations. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). Agencies may conduct furloughs of 30 days or less without following RIF procedures. *Id*. Such actions are reviewable by the Board under the "efficiency of the service" standard of 5 U.S.C. § 7513(a). *Id*.; *see* 5 C.F.R. § 752.403. Here, the agency took the furlough action under 5 U.S.C. chapter 75 and applied OPM's regulations at 5 C.F.R. Part 752. *See* IAF, Tab 10 at 11-14, 22.

¶7      The Board will determine whether an action falls under 5 C.F.R. Part 752 or 5 C.F.R. Part 351 based on the essential nature of the action itself. *See Marcoux v. U.S. Postal Service*, 63 M.S.P.R. 373, 378 (1994). Here, for purposes of 5 C.F.R. Part 351, a furlough means the following:

> [T]he placement of an employee in a temporary nonduty and nonpay status for more than 30 consecutive calendar days, or more than 22 workdays if done on a discontinuous basis, but not more than 1 year.

5 C.F.R. § 351.203. It is undisputed that the agency placed the appellant in a temporary nonpay and nonduty status for only 6 workdays on a discontinuous basis. Despite the fact that the length of time the appellant was subject to being furloughed may have lasted more than 22 discontinuous workdays, the agency actually furloughed the appellant on a discontinuous basis, i.e., placed him in a temporary nonduty and nonpay status, less than 22 days. Thus, under the plain language of 5 C.F.R. § 351.203, the RIF regulations do not apply. We find support for this determination in *Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶¶ 3, 7, 15 (2014), where the Board applied 5 C.F.R. Part 752, rather than 5 C.F.R. Part 351, under similar circumstances involving a discontinuous

furlough.  *See also Gajdos v. Department of the Army*, [121 M.S.P.R. 361](#), ¶¶ 3, 9-10, 14 (2014); *cf. Clerman v. Interstate Commerce Commission*, [35 M.S.P.R. 190](#), 191-93 (1987) (applying 5 C.F.R. Part 351, not 5 C.F.R. Part 752, in a case involving an anticipated furlough of administrative law judges for 26 nonconsecutive workdays).  The language from OPM's June 10, 2013 guidance does not require a different result.  Accordingly, we agree with the administrative judge that the regulations set forth at 5 C.F.R. Part 752, not 5 C.F.R. Part 351, apply in this case.

¶8        The appellant alleges on review that the proposal notice did not identify all of the employees who were exempt from the furlough in accordance with [5 C.F.R. § 752.404](#)(b)(2) and did not clearly identify the material the agency relied upon in support of the furlough, PFR File, Tab 1 at 4-5, and that the decision notice did not specifically address issues raised in his oral and written replies to the proposal notice, *id*. at 6.  Under [5 C.F.R. § 752.404](#)(b)(2), when some but not all employees in a given competitive level are being furloughed, the notice of proposed action must state the basis for selecting a particular employee for furlough, as well as the reasons for the furlough.  Here, the appellant has not shown a violation of this regulation because he has not demonstrated that some but not all employees in his competitive level were furloughed.  *See* [5 C.F.R. § 351.403](#)(a)(1) (each agency shall establish competitive levels consisting of all positions in a competitive area which are in the same grade or occupational level and classification series, and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption).  In fact, the administrative judge found, and the appellant does not dispute, that no Eastern Region employees, including the appellant, were exempt from the furlough.  *See* ID at 8-9, 12-14.

¶9        Moreover, a proposal notice must inform the employee of his or her right to review the material that is relied on to support the reasons for the action given in

the notice. 5 C.F.R. § 752.404(b). The appellant has shown no error by the agency because the proposal notice advised him that the materials relied on were available on the DCMA Furlough Guidance website. *See* IAF, Tab 10 at 23; *see also Pumphrey v. Department of Defense*, 2015 MSPB 10, ¶ 7 n.2 (when the notice of proposed furlough informed the appellant of how to view supporting materials at an agency website or a designated Furlough Reading Room, the appellant's vague statement that he was not given pre-decisional access to materials relied upon in the notice of proposed furlough did not support a finding of harmful error). Further, the appellant has not identified any regulatory, statutory, or judicially imposed requirement that the agency must specifically address all arguments raised in a response to a proposal notice. *See Gajdos*, 121 M.S.P.R. 361, ¶ 7; *Graham v. U.S. Postal Service*, 2 M.S.P.R. 213, 218 (1980) (there is no regulatory or judicially imposed requirement that the agency decision make a finding on any of the defenses raised in the reply); *cf. Mertins v. Department of the Navy*, 61 M.S.P.R. 157, 160 (1994) (there is no statutory or regulatory requirement that written agency decisions contain specific, detailed information demonstrating that the agency has considered all of the pertinent mitigating factors in a given case); *Beasley v. Internal Revenue Service*, 15 M.S.P.R. 16, 23 n.9 (1983) (there is no statutory or regulatory requirement that the agency specify in its decision notice the nexus between the misconduct alleged and the efficiency of the service). In any event, the appellant has not shown that any of the above alleged errors likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.56(c)(3).

¶10   The appellant's contention, that the furlough was not uniform and consistent because DCMA did not furlough employees outside his competitive area, is also without merit. *See* ID at 8-9; *see also Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶¶ 8-9 (2014) (employees in different competitive areas may be treated differently in a furlough because they are not similarly situated).

Further, we agree with the administrative judge's determination that the Board's efficiency of the service determination does not encompass the issue of whether the furlough days for DCMA employees should have been continuous or discontinuous. *See* ID at 10 n.5 (citing *Chandler*, 120 M.S.P.R. 163, ¶ 9). Finally, the appellant has shown no abuse of discretion by the administrative judge with respect to discovery matters. The appellant sought in his motion to compel information relating to cost savings the agency may have pursued, other actions the agency might have taken to avoid the furloughs, and new employees the agency may have hired. *See* IAF, Tab 14 at 2-7. The administrative judge correctly denied the motion as outside the scope of the Board's review under *Chandler*, 120 M.S.P.R. 163, ¶¶ 9, 14, with the exception of one request relating to any employees within the appellant's competitive area who were not furloughed, IAF, Tab 17.

¶11     Accordingly, we affirm the initial decision as modified by this Opinion and Order, still affirming the agency's furlough action.

## ORDER

¶12     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.