# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES J. VISCARDI,
> Appellant,

v.

DEPARTMENT OF DEFENSE,
> Agency.

DOCKET NUMBER
NY-0752-13-0938-I-1

DATE: March 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James J. Viscardi, Northport, New York, pro se.

Michael R. Montefinise, Esquire, Garden City, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency's Defense Contract Management Agency (DCMA) furloughed the appellant from his GS-11 Contract Administrator position for 6 discontinuous days. Initial Appeal File (IAF), Tab 1 at 19-22, Tab 10 at 13, Tab 17 at 9, Tab 28 at 19-24. The agency's proposal notice informed the appellant that the action was "necessitated by the extraordinary and serious budgetary challenges facing the Department of Defense (DoD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to federal budgetary resources. IAF, Tab 1 at 48; *see* 2 U.S.C. § 900(c)(2) (as used in 2 U.S.C. chapter 20, subchapter I, the terms "sequester" and "sequestration" refer to or mean the cancellation of budgetary resources provided by discretionary appropriations or direct spending law).

¶3      On appeal to the Board, the appellant asserted that he should have been exempt from the furlough because he administers mission-based, critical-need contracts for two programs that relate to military readiness, and that his request for an exemption on that basis was denied in reprisal for his filing of a formal discrimination complaint. IAF, Tab 1 at 13, Tab 13 at 2. The appellant also

contended that the furlough would cause him a financial hardship; the action was inequitable because of the established exemptions and based on age discrimination; the agency should have implemented a hiring freeze and reduced service contracts to avoid the furloughs; and the agency committed harmful error when it failed to notify Congress of the furloughs. IAF, Tab 1 at 14-17; *see* IAF, Tab 10 at 4-12. In addition, the appellant argued that the agency improperly furloughed him under 5 C.F.R. part 752, rather than 5 C.F.R. part 351, because he was furloughed for 6 discontinuous days covering a period of over 30 days. He therefore maintained that the furlough action cannot be sustained because he was denied his substantive entitlements under 5 C.F.R. part 351. *See* IAF, Tabs 65-66, 68, 71-72, 74-76, 78-81, 85, 87-89, 91-92, 96, 101, 104, and 106.

¶4        After a hearing, the administrative judge affirmed the furlough action. IAF, Tab 109, Initial Decision (ID) at 1, 31. The administrative judge found that the 6-day furlough constituted an adverse action, not a reduction in force (RIF); the agency proved the factual basis for the furlough; the furlough promoted the efficiency of the service; and the agency treated employees in a uniform and consistent manner. ID at 3-10. The administrative judge also held that the appellant did not fall under an established exemption from the furlough and did not prove age discrimination, retaliation for filing a discrimination complaint, harmful error, or a denial of due process. ID at 7-8, 10-31.

¶5        The appellant asserts on review that the administrative judge incorrectly limited the scope of discovery to the competitive area in which the appellant worked, given that the appellant was attempting to show, among other things, that the action was not uniform and consistent and was based on disparate treatment and disparate impact age discrimination. Petition for Review (PFR) File, Tab 1 at 2-3. The appellant also contends that the administrative judge should have granted his motion for an interlocutory appeal on the discovery issue, Department of Defense (DOD) Contract Administrators outside his competitive area are similarly situated to him because they perform the same duties, and his furlough

of 6 discontinuous workdays, which covered a period that totaled more than 22 discontinuous workdays, should have been subject to the RIF regulations at 5 C.F.R. part 351. *Id*. at 5-9. The appellant further asserts that the agency improperly denied him an exemption from the furlough, which was not necessary because there was no lack of funds, and thus the agency did not establish a reasonable factor other than age for the furlough. *Id*. at 10-13. The agency has filed a response in opposition to the petition for review; the appellant has filed a reply to the agency's response. PFR File, Tab 3-4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW[3]

The administrative judge did not abuse his discretion regarding discovery.

¶6        Under 5 C.F.R. § 1201.72(a), discovery is a process by which a party may obtain relevant information, which includes information that appears reasonably calculated to lead to the discovery of admissible evidence. An administrative judge has broad discretion in ruling on discovery matters, and absent a showing of an abuse of discretion the Board will not find reversible error in such rulings. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013).

¶7        The appellant filed a motion to compel requesting, among other things, names, job titles, and duty stations for "any and all agency civilian employees" age 40 and above, and age 39 and below, who were exempt or not exempt from the furlough, with the intent of proving disparate impact and disparate treatment age discrimination. IAF, Tab 38 at 1, 5-6. The appellant defined "agency" as the DOD. *Id*. at 5. The administrative judge, however, found that the above

---

[2] After the record closed on review the appellant filed a request to submit an additional pleading based on newly discovered "additional published evidence" not readily available before the record closed. PFR File, Tab 7. Because he has not described the nature of the pleading, *see* 5 C.F.R. § 1201.114(a)(5), we DENY the request.

[3] In light of our finding that there has been no abuse of discretion regarding discovery, the appellant's argument that the administrative judge improperly failed to certify the discovery issue as an interlocutory appeal need not be addressed. *See Bascom v. Department of Transportation*, 20 M.S.P.R. 295, 300 n.7 (1984).

discovery requests were overbroad and granted the appellant's motion to compel but limited the scope of the agency's response to individuals within the appellant's competitive area.  IAF, Tab 43.

¶8 The appellant has not shown that the administrative judge abused his discretion in so limiting discovery.  An agency meets the efficiency of the service standard in a furlough appeal by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner.  *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013).  A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently, just as it is required to apply a RIF.  *Id*.  Thus, the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons.  *Id*.  Which employees are similarly situated will be decided on a case-by-case basis, but the Board will be guided by RIF principles in making that determination.  *Id*.

¶9 Employees who work in different competitive areas and for different organizational units are generally not considered to be similarly situated for purposes of determining whether the agency proved that it applied its determination as to which employees to furlough in a fair and even manner.  *See Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶¶ 8-9 (2014).  A competitive area is generally defined solely in terms of the agency's organizational units and geographical location, and the minimum competitive area is a subdivision of the agency under separate administration within the local commuting area.  *See* 5 C.F.R. § 351.402(b).

¶10 Here, the administrative judge properly limited the scope of discovery to the appellant's competitive area insofar as the appellant was attempting to obtain evidence to rebut the agency's evidence regarding the uniformity and consistency of its furlough determinations.  *See Weathers*, 121 M.S.P.R. 417, ¶ 9. Moreover, for employees to be deemed similarly situated for purposes of a disparate

treatment discrimination claim, all relevant aspects of the appellant's employment situation must be "nearly identical" to those of comparator employees. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 37 (2014). For example, to be similarly situated, comparators must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id*. Regarding the appellant's disparate treatment claim, the administrative judge properly denied the appellant's motion to compel the production of information relating to employees outside his competitive area because the appellant did not allege that all relevant aspects of his employment situation, including the supervisor to whom he reported, were nearly identical to the employment situations of all DOD civilian employees. *See Snell v. U.S. Postal Service*, 82 M.S.P.R. 674, 677 (1999) (finding that the appellant did not prove his affirmative defense of age discrimination based on disparate treatment because he did not show that he was similarly situated to any comparison employee or that he was treated more harshly than any such employee).

¶11        Nevertheless, employees outside an appellant's work unit may be similarly situated when the evidence establishes that a central office is responsible for the review and coordination of adverse actions against employees of different work units and the officials who execute the notices do not exercise a sufficient degree of autonomy in determining the disciplinary actions to be taken against the employees. *Deas v. Department of Transportation*, 108 M.S.P.R. 637, ¶ 21 (2008). Here, even assuming that employees outside the appellant's work unit or competitive area were similarly situated to him under *Deas*, the agency provided information to the appellant regarding which employees were furloughed for the entire DCMA Eastern Region, which was broader than his competitive area. In this regard, the deciding official, who was the DCMA Commander for the Eastern Region, indicated in a declaration made under penalty of perjury that, "[a]fter carefully considering each employee's reply to the proposed furlough notice and

the efficiency of the service of the Department and based on the professional advice of the DCMA Human Capital Directorate, I did not find any circumstances that warranted granting relief from the furlough for any DCMA employee in the Eastern Regional Command." IAF, Tab 34 at 5-6. Thus, the appellant has shown no abuse of discretion by the administrative judge as it relates to discovery in support of a claim of disparate treatment age discrimination.

¶12      Under a disparate impact theory, a facially neutral employment practice may be deemed to violate Title VII of the U.S. Code without the evidence of an employer's subjective intent to discriminate that is required in a disparate treatment case. *Stern v. Federal Trade Commission*, 46 M.S.P.R. 328, 332-33 (1990). To establish a case of a disparate impact violation of the Age Discrimination in Employment Act (ADEA), an employee must: (1) identify the specific employment practices that are allegedly responsible for any observed statistical disparities; and (2) offer statistical evidence of a kind and degree showing that the practices at issue have caused the disparate impact. *Warner v. Department of the Interior*, 115 M.S.P.R. 281, ¶ 8 (2010). Unlike Title VII, the ADEA significantly narrows coverage for disparate impact cases by precluding agency liability if the adverse impact was attributable to reasonable factors other than age. *Id*. This is treated as an affirmative defense for which the agency bears the burden of production and persuasion. *Id*.

¶13      As set forth above, the appellant filed a motion to compel discovery requesting names, job titles, and duty stations for any and all DOD civilian employees age 40 and above, and age 39 and below, who were exempt or not exempt from the furlough, with the intent of proving disparate impact age discrimination. IAF, Tab 38 at 1, 5-6. Although the appellant contends that his reason for requesting such information regarding all DOD civilian employees was to capture a statistically significant and material sample, PFR File, Tab 1 at 5, he has not provided any authority which would support a finding that such information was reasonably calculated to lead to the discovery of admissible

evidence. *See* 5 C.F.R. § 1201.72(a). The appellant has not explained, for example, how information regarding all DOD civilian employees would be relevant to the furlough action taken by DCMA, which is the acting agency in this case. *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 995 (1988) (statistical disparities must be sufficiently substantial that they raise an inference of causation); *see also Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 10 (2014) (finding that the agency that took the furlough action was the Department of the Navy, not DOD). In any event, as set forth above, the information provided to the appellant by the agency shows that the agency furloughed all employees in DCMA's Eastern Region, which encompassed several competitive areas including the appellant's competitive area consisting of offices in New York and New Jersey, and did not exempt any of those employees. IAF, Tab 34 at 5-6 (declaration of the deciding official, who was also the DCMA Commander for the Eastern Region); *see* IAF, Tab 17 at 6, Tab 84 at 4, 6, 11-12. The record reflects that there were 3,268 individuals under the command of the DCMA Eastern Region. Hearing Compact Diskette (testimony of the deciding official and DCMA Commander for the Eastern Region). Thus, based upon a sample size consisting of all individuals who worked under the Commander of DCMA's Eastern Region, there was no statistical disparity based on age or any other factor.

¶14      Even assuming that the agency had produced information showing a statistical disparity involving age, the appellant has shown no error in the administrative judge's alternative finding that the agency met its burden of proving by preponderant evidence a reasonable factor other than age for the furlough, i.e., a shortage of funds suffered by DCMA due to sequestration and the agency's decision to furlough employees as a reasonable solution to this problem. ID at 14-15. Accordingly, even assuming an abuse of discretion by the administrative judge regarding discovery, the appellant has shown no basis for reversal of the initial decision. *See Panter v. Department of the Air Force*,

22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The administrative judge properly applied 5 C.F.R. part 752 to this appeal.

¶15     The appellant asserts that his furlough of 6 discontinuous workdays, which covered a period that totaled more than 22 discontinuous workdays, should have been subject to the RIF regulations at 5 C.F.R. part 351. PFR File, Tab 1 at 8-9.

¶16     In *Salo v. Department of Defense*, 2015 MSPB 14, ¶ 7, the Board addressed this argument, holding that the RIF regulations did not apply when the agency placed the appellant in a temporary nonpay and nonduty status for 6 workdays on a discontinuous basis, despite the fact that the length of time that the appellant was subject to being furloughed may have lasted more than 22 discontinuous workdays. The Board held under these circumstances that the agency actually furloughed the appellant on a discontinuous basis, i.e., placed him in a temporary nonduty and nonpay status, for less than 22 days. *See id*. Thus, such an action was reviewable by the Board under the efficiency of the service standard of 5 U.S.C. § 7513(a), and the agency was not required to follow RIF procedures. *Salo*, 2015 MSPB 14, ¶¶ 6-7. Similarly, we find that the administrative judge properly applied 5 C.F.R. part 752, rather than the RIF regulations set forth at 5 C.F.R. part 351, in this case.

The administrative judge properly found that the agency proved that its furlough action promoted the efficiency of the service.

¶17     Although the appellant contends that DOD Contract Administrators outside his competitive area are similarly situated to him because they perform the same duties that he performs, PFR File, Tab 1 at 6-7, employees who work in different competitive areas and for different organizational units are generally not considered to be similarly situated, *see Weathers*, 121 M.S.P.R. 417, ¶¶ 8-9. The appellant further asserts that the agency improperly denied him an exemption from the furlough, and that the furlough was preventable and not necessary because there was no lack of funds, and thus the agency did not establish a

reasonable factor other than age for the furlough. PFR File, Tab 1 at 10-13. We disagree. The record evidence supports the administrative judge's determination that the appellant did not fall within an exemption to the furlough, the agency had to make significant spending cuts because of sequestration, and the furlough helped it avoid a deficit. *See, e.g.*, IAF, Tab 1 at 62-65, Tab 17 at 6-7 (stipulations of fact), Tab 22 at 33-34, 38, Tab 57 at 16-18; ID at 2, 6-8.

¶18 Accordingly, we DENY the petition for review and AFFIRM the initial decision. The appellant's furlough is SUSTAINED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.