# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCOTT CARPENTER,[1]
        Appellant,

v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
DC-0752-13-2215-I-1

DATE: May 11, 2015

## THIS ORDER IS NONPRECEDENTIAL[2]

<u>Scott Carpenter</u>, Kensington, Maryland, pro se.

<u>James M. Metcalfe</u>, Portsmouth, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the furlough action and found that the appellant did not prove any of his affirmative defenses. For the reasons discussed below, we GRANT the

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *NSSC II v. Department of the Navy*, DC-0752-14-0845-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review, VACATE the administrative judge's determination that the furlough promoted the efficiency of the service, AFFIRM all other findings in the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The agency furloughed the appellant, an Engineer in the Naval Surface Warfare Center (NSWC) Carderock Division, for 6 days. Initial Appeal File (IAF), Tab 1 at 8-11 (notice of proposed furlough), 12-16 (notice of decision), 17 (Furlough Standard Form 50, showing that he would be furloughed on discontinuous days between July 8, 2013, and September 27, 2013); *see* IAF, Tab 5. The appellant filed a Board appeal, and he requested a hearing. *See* IAF, Tabs 1-2.

¶3      The appellant was informed that his appeal was consolidated with the appeals of similarly situated employees. *NSSC II v. Department of the Navy*, MSPB Docket No. DC-0752-14-0845-I-1, Consolidated Appeal File (CAF), Tab 1. The appellant filed a motion to compel discovery, which the administrative judge granted in part and denied in part. *See* IAF, Tabs 6, 9. The appellant filed a motion to certify an interlocutory appeal based on the administrative judge's order regarding the motion to compel, and the administrative judge denied this motion. *See* IAF, Tabs 10, 12. A hearing was held. *See* Hearing Transcript (HT).

¶4      The administrative judge issued an initial decision in which he found that: (1) the agency established that it faced a lack of funds; (2) furloughs were a reasonable management solution to this problem; and (3) the agency determined which employees to furlough in a fair and even manner. CAF, Tab 15, Initial Decision (ID) at 15-17. The administrative judge therefore concluded that the agency proved the factual basis for the furloughs and that the furloughs promoted the efficiency of the service. ID at 17. The administrative judge further found

that the appellants failed to establish any of their affirmative defenses, including, as relevant here, that the furlough did not apply to Working Capital Fund (WCF) employees. *See* ID at 17-20. Regarding the affirmative defenses raised only by the appellant, the administrative judge determined that the appellant did not prove that the furlough was not in accordance with law or that the agency committed harmful procedural error. *See* ID at 20-23.

¶5 The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. Petition for Review (PFR) File, Tabs 1, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 On review, the appellant challenges the basis for the furlough, arguing that he was paid through WCFs that were exempt from sequester and that the agency did not have cause to furlough him. PFR File, Tab 1 at 7-11. He further argues that he was afforded "empty" process because the agency did not consider his reply and no "legal review" was conducted. *Id.* at 11-13. He also asserts that he was improperly denied discovery, and he explains that he sought information related to whether the furlough was conducted in a fair and even manner. *Id.* at 13-18.

Standard of review of a furlough appeal

¶7 A furlough is the placing of an employee in a temporary status without duties and pay because of a lack of work or funds or other nondisciplinary reasons. 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402. Furloughs of 30 days or less, as here, are reviewable under the "efficiency of the service" standard found in 5 U.S.C. § 7513(a). *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). An agency satisfies this standard in a furlough appeal by showing that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied in a fair and even manner its determination as to which employees to furlough. *Id.*, ¶ 8.

<u>The appellant's argument that he was paid from WCFs does not persuade us that a different outcome is warranted.</u>

¶8 Since the parties filed their petition for review submissions, the Board addressed, in a precedential decision, an argument that WCFs were exempt from sequester. *See Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶¶ 13-18. In pertinent part in *Einboden*, the Board stated that, even if WCFs were exempt from a sequestration order, "such an interpretation would not end our inquiry into whether there were financial restrictions placed on the agency and whether the furlough was a reasonable management solution to these restrictions." *Id.*, ¶ 13 (citing *Chandler*, 120 M.S.P.R. 163, ¶ 8). After discussing the various restrictions placed upon the agency, and noting that it was reasonable for the Department of Defense to consider its budget situation holistically, rather than isolating the situation of each individual Navy organization or component, the Board concluded that the furlough action was a reasonable management solution to those financial restrictions. *Einboden*, 122 M.S.P.R. 302, ¶¶ 14-18. The Board therefore found that that the agency met its burden of proof. *Id.*, ¶ 18.

¶9 The Board's decision in *Einboden* controls our analysis of the WCF argument raised by the appellant on review. Even if the appellant's WCF were exempt from a sequestration order, the Board would still need to consider whether the furlough was a reasonable management solution to the financial restrictions placed upon the agency. The appellant has not persuaded us that the administrative judge erred in this regard, *see* ID at 15-17, and we affirm his conclusion herein.

<u>The appellant has not proven his affirmative defenses.</u>

¶10 Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

¶11    As a factual matter, the record does not support the appellant's assertion that the agency did not consider his response to the notice of proposed furlough. To the contrary, the deciding official testified that he reviewed "all the responses" and he consulted with the agency's attorney if he had questions regarding individual responses. *See* HT at 62, 66-69. That the notice of decision may not have addressed the appellant's specific arguments in his response does not mean that the arguments were not considered or that the agency committed harmful procedural error. *See, e.g.*, *Salo v. Department of Defense*, 2015 MSPB 14, ¶¶ 8-9 (noting that Mr. Salo did not identify any regulatory, statutory, or judicially imposed requirement that the agency must specifically address all arguments raised in a response to a proposal notice, and concluding that the appellant has not shown that any alleged error likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error).[3]

---

[3] Even if we considered the appellant's assertion that he was denied due process because he was not given any specific notice of the furlough and his response was not meaningful because the notice of decision was a form letter, *see* PFR File, Tab 1 at 12-13 & n.9, this argument does not warrant a different outcome. The appellant correctly notes that the "core" of due process is "the right to notice and a meaningful opportunity to be heard." *Id*. at 12 n.9 (citing *Lachance v. Erickson*, 522 U.S. 262, 266 (1998)). Based on our review of the record, we conclude that he received all of the process to which he was entitled. For instance, the notice of proposed furlough gives him ample notice of the reasons for the furlough. *See* IAF, Tab 1 at 8-11. Although we could not find the appellant's response to the notice of proposed furlough in the record, it appears undisputed that the appellant submitted a written response. The record reflects that the appellant had a meaningful opportunity to be heard because he admits on review that he "raised legal questions" in his response, PFR File, Tab 1 at 12, and, as noted above, the deciding official testified that he considered all responses and consulted with an attorney when necessary. *Cf. Hodges v. U.S. Postal Service*, 118 M.S.P.R. 591, ¶ 6 (2012) (An employee cannot be said to have had a meaningful opportunity to present his side of the story and to invoke the discretion of the deciding official if the deciding official did not read the employee's written response to the proposal notice before issuing his decision).

<u>The administrative judge abused his discretion by not granting in part the motion to compel regarding interrogatories 12 and 15 and the corresponding requests for production of documents.</u>

¶12      Discovery is the process by which a party may obtain relevant information from another person or a party that the other person or party has not otherwise provided. *Chandler*, 120 M.S.P.R. 163, ¶ 10; *see* 5 C.F.R. § 1201.72(a). Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence. *Chandler*, 120 M.S.P.R. 163, ¶ 10. What constitutes relevant information in discovery is to be liberally interpreted, and uncertainty should be resolved in favor of the movant absent any undue delay or hardship caused by such request. *Id.* Discoverable information is not without boundaries, however, and the requesting party must ultimately show that the information sought is relevant or is likely to lead to relevant evidence. *Id.*; *see* 5 C.F.R. § 1201.72(b). An administrative judge has broad discretion in ruling on discovery matters, and, absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013).

¶13      The administrative judge denied many of the appellant's interrogatories and corresponding requests for production of documents. *See* IAF, Tab 9. We are limiting the scope of our review to the interrogatories and corresponding requests for production of documents raised by the appellant on review, namely interrogatories 1-9, 12-13, and 15-18. *See* PFR File, Tab 1. For the following reasons, we affirm the administrative judge's decision to deny the motion to compel regarding interrogatories 1-9, 13, and 16-18 and the corresponding request for production of documents, but we grant the motion to compel in part regarding interrogatories 12 and 15 and the corresponding request for production of documents.

Interrogatories 1-9

¶14        Interrogatories 1-9 requested information regarding the financial stability of NSWC Carderock and the Navy WCF as a whole, including information such as cash balance, carry-over balance, value of funded orders, total dollar amount of active obligations, total number and amount of orders de-obligated or withdrawn due to the sequester.  *See* IAF, Tab 6 at 10.  The administrative judge denied the motion to compel regarding these interrogatories because the information relating to the budget and funding was not relevant under *Chandler*.  IAF, Tab 9 at 1.  The appellant asserts on review that interrogatories 1-9 relate to whether there was "cause" for the furlough of NSWC Carderock employees.  PFR File, Tab 1 at 14-15 (citing *Dye v. Department of the Army*, 121 M.S.P.R. 142 (2014)).  We discern no error with the administrative judge's analysis because the efficiency of the service determination does not encompass agency spending decisions per se.  *See Chandler*, 120 M.S.P.R. 163, ¶ 9 (explaining that such matters belong to the judgment of the agency managers who are in the best position to decide what allocation of funding will best allow the agency to accomplish its mission).  Moreover, the Board, in *Dye*, 121 M.S.P.R. 142, ¶ 9, explained that the concept of "cause" in the context of a furlough appeal encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough.  Other than the WCF issue discussed above, *see supra* ¶¶ 8-9, the appellant has not persuaded us that the requested information is reasonably calculated to lead to the discovery of admissible evidence in this regard.  We therefore affirm the administrative judge's decision in this regard.

Interrogatories 17-18

¶15        Interrogatories 17-18 sought "all bases, legal or otherwise" for the deciding official's response to the appellant's response to the notice of proposed furlough and "all bases legal or otherwise" for the Undersecretary of Defense's declaration that the furlough was not illegal pursuant to 10 U.S.C. § 129, respectively.  IAF, Tab 6 at 11.  Noting that the agency indicated that it already provided this

information to the appellant, the administrative judge denied the motion to compel, and she informed the appellant that he could file a motion to compel any relevant non-privileged information that has not been provided to him. IAF, Tab 9 at 2. The appellant did not file a subsequent motion to compel, and, on review, he essentially reiterates the reasons for these interrogatories. *See* PFR File, Tab 1 at 17-18. The appellant has not identified any relevant, non-privileged information that the agency did not provide, and we cannot conclude that the information sought in interrogatories 17-18 is reasonably calculated to lead to the discovery of admissible evidence. Here, too, we affirm the administrative judge's decision in this regard.

Interrogatories 12-16

¶16     Interrogatory 12 sought information regarding the number of Navy civilians who worked overtime during the pay periods that the employees were subject to the furlough, and interrogatory 13 sought the same information as interrogatory 12 "for the Department of Defense as a whole." IAF, Tab 6 at 10. Interrogatory 15 sought "information" regarding the process for determining the number of total furlough hours for each employee and interrogatory 16 sought "information" regarding the decision to apply the furlough to the entire Department of Defense. *Id*. at 10-11. The administrative judge found that information sought in interrogatories 12-13 and 15-16 concerned civilians stationed outside of his duty station and chain of command, and thus these individuals were not similarly situated to the appellant. IAF, Tab 9 at 1-2 (citing *Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶ 8 (2014)). On review, the appellant contends that interrogatories 12-13 were relevant to ascertain whether the furlough was applied fairly and evenly and interrogatories 15-16 "directly relate[] to the cause of action" against him. PFR File, Tab 1 at 15-17.

¶17     The Board has broadly pronounced that information regarding overtime given to employees is relevant to whether the agency applied the furlough uniformly and consistently. *See Chandler*, 120 M.S.P.R. 163, ¶ 14. The Board

has also stated that employees who work in different competitive areas and for different organizational units are generally not considered to be similarly situated for purposes of determining whether the agency proved that it applied its determination as to which employees to furlough in a fair and even manner. *See Weathers*, 121 M.S.P.R. 417, ¶¶ 8-9. A competitive area is generally defined solely in terms of the agency's organizational units and geographical location, and the minimum competitive area is a subdivision of the agency under separate administration within the local commuting area. *Id.*, ¶ 8 (citing 5 C.F.R. § 351.402(b)).

¶18     Given our precedent in *Chandler* and *Weathers*, we conclude that the administrative judge abused his discretion when he denied in its entirety the appellant's motion to compel regarding interrogatories 12 and 15 and the corresponding request for documents. Regarding interrogatory 12, the administrative judge should have granted in part the motion to compel to allow the appellant to obtain information regarding similarly situated agency employees who worked overtime, as this information may be relevant to whether the agency applied the furlough fairly and evenly. Regarding interrogatory 15, the Board noted in *Chandler* that the length of the furlough imposed on similarly situated people is relevant to the determination of whether the furlough was conducted in a uniform and consistent manner. *See Chandler*, 120 M.S.P.R. 163, ¶ 20. The administrative judge also should have granted the motion to compel in part and limited interrogatory 15 to similarly situated employees.

¶19     We affirm the administrative judge's decision to deny the motion to compel regarding interrogatories 13 and 16, which apply to the Department of Defense as a whole and not to any individuals similarly situated to the appellant. *See Weathers*, 120 M.S.P.R. 617, ¶ 8.

¶20     In light of our disposition regarding interrogatories 12 and 15 and the corresponding requests for production of documents, we vacate the administrative judge's finding that the furlough promoted the efficiency of the service and

REMAND for further proceedings because these discovery requests sought relevant information under 5 C.F.R. § 1201.72(a).[4]

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.

---

[4] To the extent that the appellant asserts on review that the administrative judge improperly denied his motion to certify an interlocutory appeal, we are not persuaded that this argument warrants a different outcome. *See* 5 C.F.R. § 1201.92.